UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWCO CAPITAL GROUP VI LLC,

                Plaintiff,

-against-

ORCUS SYSTEMS AND SOLUTIONS INC. D/B/A LANTERN OF MADISON; ORCUS SYSTEMS AND SOLUTIONS INC.; LANTERN; LANTERN OF CHAGRIN VALLEY, INC.; LANTERN OF SAYBROOK, INC.; ORCUS SYSTEMS AND SOLUTIONS, INC.; and NESIAN JEAN MAKESH,

                Defendants.

**ORDER**

23-CV-10148 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 17, 2023, Defendant Nesian Jean Makesh ("Makesh") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Rockland.

## BACKGROUND

On November 17, 2023, Makesh filed a Notice of Removal, which attached copies of the following documents: (1) Summons and Complaint (Not. of Removal, Ex. 1); (2) Affirmation of Service of the Summons and Complaint (*id.*, Ex. 2); and (3) Suggestion of Receivership (*id.*, Ex. 3). Makesh, in his Notice of Removal, asserts that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (Not. of Removal ¶ 5); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, because "Plaintiff alleges to be owed $47,530 on account of a criminally usurious loan agreement, and Makesh

intends to assert counterclaims on account of amounts previously collected by Plaintiff in excess of $80,000." (*Id.*, ¶ 6).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

2

Here, Makesh relies on the aggregate amount of Plaintiff's claim and his counterclaims for the premise that the amount in controversy exceeds $120,000, which satisfies the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a). (Not. of Removal ¶ 6). Specifically, Makesh asserts that the jurisdictional amount-in-controversy requirement has been satisfied because, in addition to Plaintiff's allegations seeking $47,530, Makesh "intends to assert counterclaims on account of amounts previously collected by Plaintiff in excess of $80,000." (*Id.*).[2]

However, "[i]t is well-established that satisfaction of diversity jurisdiction requirements are determined as of the date that the suit is filed." *Kaplan v. Computer Scis. Corp.*, 148 F. Supp. 2d 318, 319 (S.D.N.Y. 2001). "[L]ater-dated counterclaims should not be considered in the Court's determination of the amount in controversy for diversity jurisdiction purposes." *Id*; *see also Leyse v.. Domino's Pizza LLC*, No. 4-CV-02411, 2004 WL 1900328, at *3 (S.D.N.Y. Aug. 24, 2004) ("'The Second Circuit has held that the amount in controversy for jurisdictional purposes should be measured strictly from the plaintiff's perspective, without regard to the amount at stake for any other party.'"); *Video Connection of America, Inc. v. Priority Concepts, Inc., et. al.*, 625 F.Supp. 1549, 1551 (S.D.N.Y.1986).

Accordingly, it is inappropriate in this case to consider the amount of Markesh's counterclaims in assessing the amount in controversy. *See Kaplan*, 148 F. Supp. 2d at 321 ("[I]t is inappropriate in a removed case to consider the amount of Defendant's counterclaim in assessing the amount in controversy for jurisdictional purposes."). Plaintiff's claim for $47,530, standing alone, fails to satisfy the jurisdictional amount in controversy for diversity cases pursuant to 28

---

[2] On November 29, 2023, Makesh filed his answer and counterclaims, seeking "compensatory, direct and consequential damages, in an amount to be proven at trial but reasonably estimated to be at least $250,000." (Doc. 4).

U.S.C. § 1332. Accordingly, the Court finds that Makesh has not met his burden to establish the requisite amount in controversy.

## CONCLUSION

Based upon the foregoing, the Court concludes that Makesh failed to satisfy his burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       December 29, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge